UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

VINCE TIMES,

      Plaintiff,

v.

FAMILY DOLLAR STORES
OF FLORIDA, LLC,

      Defendant.
_____/

## C O M P L A I N T

Plaintiff, VINCE TIMES, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, and alleges as follows:

1. Plaintiff brings this action against Defendant to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC was an employer as defined by the FLSA.

6. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC was

Plaintiff's employer as defined by the FLSA.

7. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC was Plaintiff's employer.

8. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC was an LLC in the State of Florida.

9. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC was conducting business in this judicial district.

10. At all times material hereto, FAMILY DOLLAR STORES OF FLORIDA, LLC's principal place of business was in Miami, Florida.

11. At all times material hereto FAMILY DOLLAR STORES OF FLORIDA, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

12. FAMILY DOLLAR STORES OF FLORIDA, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

13. FAMILY DOLLAR STORES OF FLORIDA, LLC, upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. While working for FAMILY DOLLAR STORES OF FLORIDA, LLC, Plaintiff was individually engaged in interstate commerce.

COUNT I: FLSA RECOVERY OF OVERTIME WAGES

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

16. Plaintiff worked for Defendants from approximately 2012 to August 24, 2019.

17. Plaintiff worked for Defendants as a greeter then he became a stock person.

18. Plaintiff's primary duties and responsibilities as a stock person included unloading truck deliveries and stocking /organizing merchandise inside the store.

19. Plaintiff was initially paid at a rate of $10 per hour, then increased to $11 per hour.

20. Plaintiff was not paid on a salary basis.

21. Plaintiff was not permitted to claim all hours he worked.

22. Plaintiff was not paid for "off the clock" hours he was required to work.

23. Plaintiff was only paid for hours he worked "on the clock."

24. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

25. During one or more workweeks, Defendant did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

26. Defendant knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

27. Defendant knew or showed reckless disregard of the above FLSA violations.

28. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

29. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

30. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RETALIATION

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

32. The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

33. The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

34. Plaintiff worked for Defendant from approximately 2012 to August 24, 2019.

35. Plaintiff worked for Defendant as a greeter then he became a stock person.

36. Plaintiff's primary duties and responsibilities included unloading truck deliveries and stocking /organizing merchandise inside the store.

37. Plaintiff was initially paid at a rate of $10 per hour, then increased to $11 per hour.

38. Plaintiff was qualified for Plaintiff's position with Defendant.

39. Plaintiff complained to Defendant about "of the clock" hours he was required by Defendant to work.

40. Plaintiff complained to Defendant that he was not being paid for all of the hours worked.

41. Plaintiff complained to Defendant that he was not being paid overtime for overtime hours he worked.

42. Plaintiff complained to Defendant that management would log Plaintiff out and/or require that Plaintiff log himself out but continue to work.

43. Defendant took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendant's unlawful pay practices which were in violation of the FLSA. 29 U.S.C. §201, *et seq.*

44. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendant for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:   */s/Todd W. Shulby, Esq.*
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365